Filed 7/6/22 Nap Holdings v. China Electronics CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| NAP HOLDINGS, LLC, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> CHINA ELECTRONICS, INC., <br><br> Defendant and Appellant. | B315648 <br><br> (Los Angeles County <br> Super. Ct. No. 21STCV20172) |

APPEAL from an order of the Superior Court of Los Angeles County. Daniel S. Murphy, Judge. Reversed and remanded with directions.

Reed Smith, Lorenzo E. Gasparetti, Kasey J. Curtis and Katherine J. Ellena for Defendant and Appellant.

Polsinelli, David K. Schultz and Noel S. Cohen for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant and appellant China Electronics, Inc., appeals from the order denying its motion to compel arbitration of its

contract dispute with plaintiff and respondent Nap Holdings, LLC. We reverse and remand with directions to the superior court to vacate its denial and enter a new order granting the motion to compel arbitration.

### FACTUAL AND PROCEDURAL BACKGROUND

On May 28, 2021, plaintiff filed this action against defendant seeking a declaratory judgment on the question of whether an agreement, bearing the signatures of both parties and an effective date of December 18, 2018, was an enforceable written contract. Plaintiff alleged there had been no mutual consent on all material terms of the agreement and also alleged fraud in the execution of the agreement.

In response, defendant filed a motion to compel arbitration. Defendant attached a copy of the December 2018 agreement to its motion. The six-page agreement identified defendant as "lender" and plaintiff as "borrower." The final page bears the signature of Cherry Miyake, president of defendant, and Ronny Hay, manager of plaintiff. The bottom righthand corner of each page also bears the handwritten initials of both Ms. Miyake and Mr. Hay. The agreement states defendant would lend plaintiff $600,000 which was to be used exclusively by plaintiff to pay for products purchased from a third party identified as Shandong New Beiyang Tech-Info Co., Ltd. (an entity in which Ms. Miyake apparently had an unspecified interest). Repayment of the loan was to begin in March 2019 with full repayment to be made by December 30, 2019. In the event of a breach of the repayment schedule, the outstanding principal would accrue simple interest at the rate of 5 percent per annum. The agreement contains a California choice of law provision, an integration provision and additional provisions not material to this dispute.

Section 6(c) of the agreement is an arbitration clause: "Any dispute, claim or controversy arising out of or relating to this Agreement or the breach, termination, enforcement, interpretation or validity thereof, including the determination of the scope or applicability of this Agreement to arbitrate, shall be determined by arbitration in Los Angeles before one arbitrator. The arbitration shall be administered by JAMS pursuant to JAMS' Streamlined Arbitration Rules and Procedures. Judgment on the Award may be entered in any court having jurisdiction. This clause shall not preclude parties from seeking provisional remedies in aid of arbitration from a court of appropriate jurisdiction."

Section 5 of the agreement, titled remedies, is the source of the parties' dispute. The final paragraph of that section states: "Notwithstanding any provision of this agreement, a payment of the total sum of $600,000.00 plus any interest if apply [*sic*] or 10% membership interests of the borrower, shall be the sole remedy to the lender under this agreement." This language was added by plaintiff at the time of execution and then forwarded to defendant for signature. The entirety of this paragraph is crossed out in pen and next to it the following language is handwritten: "DO NOT AGREE, DELETE, CHERRY MIYAKE."

On December 18, 2018, while Mr. Hay and Ms. Miyake were exchanging the agreement for signatures, defendant wire transferred the $600,000 in loan proceeds directly to plaintiff's account. After Ms. Miyake signed the agreement with the language added by Mr. Hay crossed out, she and Mr. Hay exchanged several e-mails over the next couple of days regarding the crossed-out language which Mr. Hay believed they had agreed upon. The final e-mail, dated December 20, 2018, is from

3

Mr. Hay. In it, Mr. Hay says he thinks Ms. Miyake's lawyer's explanation is wrong, but that he had no problem with adding language stating "and any other remedies that the court may allow." He ends the e-mail by saying "I hope this settles it."

Thereafter, it is undisputed plaintiff paid all of the $600,000 in loan proceeds to Shandong New Beiyang Tech-Info Co., Ltd., in accordance with the terms of the agreement.

Plaintiff did not repay the loan in full and defendant sent notice of default. In early 2021, defendant initiated arbitration before JAMS pursuant to the arbitration provision in the agreement, prompting plaintiff to file this action.

In addition to opposing defendant's motion to compel arbitration, plaintiff filed a motion to stay arbitration.

At the hearing on both motions, the court entertained lengthy argument from counsel. The court stated several times it believed the parties had an agreement, at least orally, but asked the parties to focus their argument on the formation of the written agreement. The court took the matter under submission. Later that day, the court issued its written order denying defendant's motion to compel arbitration and granting plaintiff's motion to stay the arbitration. The court reasoned that plaintiff's addition of the paragraph to the remedies section operated as a new offer which was rejected by defendant when Ms. Miyake crossed out the language and wrote "DO NOT AGREE, DELETE" next to it. The court found that defendant had failed to show the existence of a written agreement to which both parties consented on all material terms.

This appeal followed.

## DISCUSSION

In resolving a motion to compel arbitration of a dispute, the trial court "shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists" unless it concludes a defense to enforcement has been established.  (Code Civ. Proc., § 1281.2.)  The party seeking to compel arbitration bears the burden of proving, by a preponderance of the evidence, the existence of an agreement to arbitrate the dispute.  (*Caballero v. Premier Care Simi Valley LLC* (2021) 69 Cal.App.5th 512, 517 (*Caballero*).)  The party opposing arbitration bears the burden of proving any fact necessary to its stated defense.  (*Ibid.*)

The trial court sits as a trier of fact, weighing the declarations and documentary evidence presented by the parties, as well as any oral testimony that may be admitted at the hearing on the motion.  (*Caballero, supra,* 69 Cal.App.5th at p. 517.)  " '[T]he issue of whether an arbitration agreement exists is a "preliminary question to be determined by the court . . . ." ' "  (*Ibid.*; accord, *Granite Rock Co. v. Int'l Bhd. of Teamsters* (2010) 561 U.S. 287, 296 [issue of contract formation is for the court to decide].)

Generally, we review the denial of a motion to compel arbitration for abuse of discretion.  (*Caballero, supra,* 69 Cal.App.5th at p. 517.)  Where the trial court's denial of the motion presents a pure question of law, our review is de novo.  (*Id.* at pp. 517–518.)  And, if the trial court's decision was based on the resolution of disputed facts, we review the ruling for substantial evidence.  (*Id.* at p. 518; accord, *Martinez v. BaronHR, Inc.* (2020) 51 Cal.App.5th 962, 966–967 (*Martinez*).)

5

Here, in denying defendant's motion to compel, the trial court made factual findings after considering the declarations of Mr. Hay and Ms. Miyake, the written agreement, and the copies of the e-mail correspondence exchanged between Mr. Hay and Ms. Miyake during the drafting of the agreement. We therefore apply the substantial evidence test. In applying this test, we must accept as true the trial court's resolution of disputed facts if supported by substantial evidence. (*Martinez*, *supra*, 51 Cal.App.5th at p. 966.) We also presume the trial court " ' "found every fact and drew every permissible inference necessary to support its judgment, and defer to its determination of credibility of the witnesses and the weight of the evidence." ' " (*Id*. at pp. 966–967.)

We conclude substantial evidence does not support the trial court's finding there was no contract formation due to lack of mutual assent.

"In California, '[g]eneral principles of contract law determine whether the parties have entered a binding agreement to arbitrate.' " (*Pinnacle Museum Tower Assn. v. Pinnacle Market Development* (US), LLC (2012) 55 Cal.4th 223, 236 (*Pinnacle Museum*); accord, *Caballero*, *supra*, 69 Cal.App.5th at p. 518.) "An essential element of any contract is the consent of the parties, or mutual assent." (*Donovan v. RRL Corp*. (2001) 26 Cal.4th 261, 270.) " 'Mutual assent is determined under an objective standard applied to the outward manifestations or expressions of the parties, i.e., *the reasonable meaning of their words and acts*, and not their unexpressed intentions or understandings.' " (*Caballero*, *supra*, 69 Cal.App.5th at p. 518, italics added; accord *Martinez*, *supra*, 51 Cal.App.5th at p. 967 & *Harris v. TAP Worldwide, LLC* (2016) 248 Cal.App.4th 373, 381.)

Here, it is undisputed both parties signed the written agreement and that each page of the agreement also contains the handwritten initials of both Mr. Hay and Ms. Miyake. It is also undisputed the agreement contains a broadly worded arbitration provision and that no objection was ever raised about its inclusion in the agreement. Nor has there been any argument raised by plaintiff that the language of the arbitration provision is unconscionable or otherwise improper. Plaintiff never argues arbitration was not the agreed-upon forum for dispute resolution.

The dispute arose solely because defendant crossed out the paragraph plaintiff added to the remedies section. Notwithstanding this dispute over the remedies language, the parties largely performed under the contract, until plaintiff defaulted by failing to repay the loan, and there is simply no basis for finding there is no enforceable contract, including the arbitration clause. It is for the arbitrator to determine whether the disputed last paragraph of the remedies section is part of the contract.

On December 18, 2018, while Mr. Hay and Ms. Miyake were exchanging the draft contract for signatures, the $600,000 in loan proceeds were wire transferred into plaintiff's account. Thereafter, plaintiff paid all of the funds to the third party as required by the contract. "A voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it, so far as the facts are known, or ought to be known, to the person accepting." (Civ. Code, § 1589; see also *Pinnacle Museum, supra,* 55 Cal.4th at p. 236 [acceptance of an agreement may be express or implied in fact].)

Plaintiff's argument we should affirm the trial court's denial of arbitration on the ground the loan agreement is void

due to fraud in the execution is without merit.  It is well established that "California law distinguishes between fraud in the 'execution' or 'inception' of a contract and fraud in the 'inducement' of a contract."  (*Rosenthal v. Great Western Fin. Securities Corp.* (1996) 14 Cal.4th 394, 415 (*Rosenthal*).)  Fraud in the execution is where one party " ' "is deceived as to the nature of his act, and actually does not know what he is signing, or does not intend to enter into a contract at all, mutual assent is lacking, and [the contract] is void." ' "  (*Ibid.*, italics omitted.)  In contrast, fraud in the inducement is when one party " ' "knows what he is signing but his consent is induced by fraud, mutual assent is present and a contract is formed, which, by reason of the fraud, is voidable." ' "  (*Ibid.*, italics omitted.)

Plaintiff's fraud argument may be summed up as follows.  Ms. Miyake tricked Mr. Hay into signing the agreement after allegedly agreeing over the phone to the additional language he proposed to the remedies section.  Then after obtaining his signature, she crossed out that language and signed the agreement herself.  At best, this is a claim that Mr. Hay's consent to the contract as a whole was fraudulently induced.  It is not a claim of fraud in the execution.  Claims of fraud in the inducement that go to the contract as a whole are for the arbitrator to resolve and are not a basis for defeating a motion to compel arbitration.  (*Rosenthal*, *supra*, 14 Cal.4th at p. 419; accord, *Brown v. Wells Fargo Bank, N.A.* (2008) 168 Cal.App.4th 938, 958.)

## DISPOSITION

The order denying the motion to compel arbitration is reversed and the case is remanded to the superior court with

8

directions to vacate its order and enter a new order granting the motion to compel arbitration.

Defendant and appellant China Electronics, Inc., shall recover costs of appeal.

GRIMES, J.

WE CONCUR:


STRATTON, P. J.


HARUTUNIAN, J.*

---

* Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.